A. R. DOYAN *v.* SCHOOL DISTRICT No. 3 IN MONTGOMERY.

*School. Pleading.*

In an action to recover for the breach by a school district of their contract of employment of a school teacher, it is not necessary to aver in the declaration that the plaintiff had procured from the town superintendent a certificate of qualification, as required by sec. 12, chap. 20, Comp. Stat.

ASSUMPSIT for the breach by the defendants of their contract of employment of the plaintiff to teach their school. The declaration contained no averment that the plaintiff had procured any certificate of qualification to teach, as required by section 12, chap. 20, Comp. Stat.

The defendant demurred to the declaration. The county court at the April term, 1862, ALDIS, J., presiding, overruled the demurrer, to which the defendant excepted.

*Child & Brigham,* for the plaintiff.

*Edson & Rand,* for the defendant.

BARRETT, J. The declaration counts on a contract with the plaintiff to teach a district school for three months. The alleged defect in the declaration is the want of an averment of having procured the certificate required by Comp. Stat., chap. 20, sec. 12. That provision provides for an incident, that supervenes upon the contract, and does not necessarily enter into its terms.

If that incident is not shown to have been complied with, the contract becomes void. But this is matter of evidence pertaining to the remedy, and need not be averred in the declaration. It stands upon the same principle as *Kent* v. *Lincoln*, 32 Vt. 591, and to cases under the statute of frauds, requiring certain contracts to be in writing.

Judgment is affirmed.