PHILLIPS  HILL  *v.*  THE  NATIONAL  BANK  OF  BARRE.

*National  Bank,   Usury.   U. S. Rev. Sts. s.* 5198.

The Federal statute provides the only remedy, and that by way of penalty, against a national bank, for the taking of usury ; thus, the plaintiff had brought a suit in the U.S. court to recover the penalty prescribed by the said statute, and had obtained a judgment. *Held,* that he could not thereafter maintain an action of assumpsit in a State court to recover the excess above the legal interest paid to the bank.

GENERAL ASSUMPSIT to recover for the excess of legal interest paid the plaintiff to the defendant.   Heard by the court, March Term, 1883, REDFIELD, J., presiding.   Judgment for the defendant.

The defendant bank is a national banking association, organized, established, and existing by and under the laws of the United States, and is located and doing business at Barre.   The plaintiff Hill, on the 14th day of April, 1882, brought suit against this defendant in the United States Circuit Court, within and for the District of Vermont, to recover the penalty prescribed by ss. 5197 and 5198 of the Revised Statutes of the United States, for the taking of interest by a national banking association at a greater rate than is allowed by the laws of the State where such association is located, and has recovered judgment in said suit for said penalty.

*C. W. Porter*, for the plaintiff.

The plaintiff, independent of any statute, may, under the common law, recover for the excess paid over the legal interest. 6 Johns. Ch. 100 ; 20 Johns. 290. The Federal statute cannot abrogate the remedy at common law. 37 N. Y. 656 ; *Dow* v. *Irasburgh Nat. Bank*, 50 Vt. 112 ; 87 Pa. St. 465.

*E. W. Bisbee*, for the defendant.

The national Bank Act fixes the rate of interest to be charged and taken by associations created by it; and also prescribes the penalty. The plaintiff, in his suit in the U. S. court to recover the penalty given by the Bank Act, has obtained all the redress that the law affords. He had no other remedy. *Farmers and Mechanics National Bank* v. *Dearing*, 91 U. S. 29 ; *Barnett* v. *National Bank*, 98 U. S. 555 ; *National Bank* v. *Childs*, 15 Reporter, 637 ; *National Bank* v. *Pratt*, 115 Mass. 539 ; *Overholt* v. *National Bank*, 82 Pa. St. 490 ; *Tiffany* v. *National* v. *Bank*, 18 Wall. 409 ; *National Bank* v. *Davis*, 6 Cen. Law Jour. 106 ; *Lucas* v. *National Bank*, 78 Pa. St. 490 ; *National Bank* v. *Garlinghouse*, 22 Ohio 492 ; *Wheaton* v. *Hibbard*, 20 Johns. 290 ; *Porter* v. *Mount*, 41 Barb. 561 ; *Safford* v. *Ingersoll*, 3 Hill 38 ; *National Bank* v. *Lamb*, 57 Barb. 429.

The opinion of the court was delivered by

ROWELL, J. In *Farmers and Mechanics National Bank* v. *Dearing*, 91 U. S. 29, the plaintiff, a national banking association, organized under the national Bank Act, and located and doing business in the State of New York, knowingly discounted the note in suit at a greater rate of interest than was allowed by the laws of the State, and the question was, whether that made the note void , as provided by the State statute. The Court of Appeals of New York, following its decision in *First National Bank of Whitehall* v. *Lamb*, 50 N. Y. 95, held that it did ; but the Supreme Court of the United States reversed that judgment, and held that it did not, and said that banking associations organized under said act are instruments designed to be used

Hill *v.* Barre.

to aid the Government in the administration of an important branch of the public service; that they are means appropriate to that end; that Congress was the sole judge of the necessity of their creation; that being such means, and created and intended to be employed for such purpose, the States can exercise no control over them, nor in any wise affect their operation, except in so far as Congress may see fit to permit; that in any view that can be taken of the thirteenth section of said act, —s. 5198 U. S. Rev. Sts.—the power to supplement it by State legislation is conferred neither expressly nor impliedly; and that when a statute creates a new offense and denounces the penalty, or gives a new right and provides the remedy, the punishment or the remedy can be only that prescribed by the statute.

After this decision the Court of Appeals in *National Bank of Auburn* v. *Lewis*, 75 N. Y. 516, held that usurious interest could be recovered by way of set-off or abatement in an action on the note usuriously discounted.

Then came *Barnet* v. *National Bank*, 98 U. S. 555, holding the contrary, and that the remedy, given by the national statute for the wrong of taking usurious interest, is a penal suit, to which the party aggrieved or his legal representative must resort; that redress can be had in no other mode or form of procedure; that as the statute giving the right prescribes the redress, both provisions are alike obligatory on the parties; that the mode of redress is by suit brought specially and exclusively for that purpose, in which the sole issue is the guilt or innocence of the accused, without the presence of any extraneous facts that might confuse the case and mislead the jury to the prejudice of either party.

On the announcement of this decision the Court of Appeals ordered a reargument in *National Bank of Auburn* v. *Lewis*, and modified its former decision therein in conformity therewith, holding it to be controlling.

*Peterborough National Bank* v. *Childs*, 133 Mass. 248, is to the same effect as *National Bank of Auburn* v. *Lewis*.

Hill *v.* Barre.

Prior to the decision in *Barnet's* case, the Supreme Court of Pennsylvania had held the other way in *Lucas's* case, 28 P. F. Smith, 228, and other cases; but after *Barnet's* case it held in conformity therewith in *National Bank* v. *Dushane*, 96 Pa. St. 340, treating all its former decisions to the contrary as over-ruled, and said that the defendant's only remedy was by a penal action for twice the illegal interest paid.

The case of *National Bank of Clarion* v. *Gruber*, 91 Pa. St. 377, is much in point. It was debt, brought on March 4, 1876, to recover twice the amount of all payments of illegal interest made to the bank within two years next before the commencement of the action, and also all excess above legal interest paid during the additional period of four years before the 4th of March, 1874. The plaintiff declared specially for double the interest, and added the common counts in debt on which to recover the excess. The defendant contended below that there could be no recovery for any moneys claimed in the action except for the penalty; but the court ruled otherwise, and held that recovery could be had for the excess over the legal rate paid during the four years prior to March 4, 1874, as well as for twice the amount paid in excess within two years from the time of the commencement of the suit. The Supreme Court held this error, and said that from *Barnet's* case "it appears certain that neither by set-off nor original action can interest over legal rate, paid to a national bank, be recovered except by way of penalty, as prescribed by the act of Congress of June 3, 1864."

Plaintiff relies on this case as reported in 87 Pa. St. 465; but it is not authority for him. Two points only were there ruled— first, that under the thirtieth section of the Bank Act the State courts have jurisdiction of an action to recover the penalty thereby imposed; and second, that in such action the common counts in debt may be joined with special counts for the penalty. But it was not decided that recovery could be had under the general counts for the excess paid prior to two years before action brought, as the head note indicates, and when the case

was again before the Supreme Court, and that point was ruled upon, it was ruled the other way, as we have seen.

Nor is *Dow* v. *Irasburgh National Bank*, 50 Vt. 112, authority for a recovery in this case. That was general assumpsit, and the only question in it was whether the County Court had jurisdiction of the action, and it was held that it had. Several other questions are suggested, and among them, whether the right of recovery would be limited to two years next before action brought or would cover the whole period of our Statute of Limitations; but no opinion is indicated upon it.

There is no doubt about the correctness of that decision so far as it holds that the State courts have jurisdiction of actions against national banks for taking illegal interest; but whether or not assumpsit is a proper remedy, we say nothing, for we hold that the plaintiff has no rights in the premises except those conferred on him by the Federal statute, and those have been fully realized and enforced by his suit in the Circuit Court.

Judgment affirmed.