## TOWN OF WOODSTOCK v. TOWN OF HANCOCK.

*Statutory remedy. R. L. s. 2818. Acts of 1886, No. 42, s. 4.*
*Assumpsit. Demurrer.*

1. Where a statute creates a right and prescribes the remedy, that remedy is exclusive.
2. The action provided for by R. L. s. 2818, as amended by Acts of 1886, No. 42, s. 4, is assumpsit.
3. In an action founded on these statutes, a count which sets forth the facts necessary to a recovery will be presumed to be in assumpsit and not case, although no promise is expressly alleged.
4. The giving of the notice required by the statute need not be alleged, that being matter of evidence pertaining to the remedy, and a recovery may be had under the general counts.
5. Where the demurrer is to the whole declaration, it will be overruled if there be one good count and no misjoinder.

This was an action in assumpsit and was heard at the December Term, 1889, Taft, J., presiding, upon the defendant's demurrer to the declaration. The declaration was adjudged sufficient. The defendant excepted, and the exceptions were certified to the Supreme Court before final judgment.

The declaration contained a general count for money expended and also this special count:

"Whereas, to wit, on the 25th day of May, A. D. 1888, at said Woodstock, one John A. Edwards, who was then and there a transient person in said Woodstock, was committed to and confined in the Windsor county jail, located at said Woodstock, and was then and there poor and not of sufficient ability to defray the expense of his support and was in need of relief; and E. D.

Harpin, the jailer of said jail, then and there represented the situation and need as aforesaid of said Edwards to Horace F. Sherwin, who was then and there the overseer of the poor of said Woodstock, and applied to said Sherwin as such overseer to provide for said Edwards' support and relief in said jail; and said Edwards remained so confined in said jail continuously from said 25th day of May until the 26th day of December, A. D. 1888, on which last day said Edwards was released and discharged from said jail; and plaintiff avers that its said overseer did on the 25th day of May, 1888, and continuously thereafter until said 26th day of December, 1888, provide for said Edwards' support in said jail, as by law he is required to do, and paid out in and about the same for necessary support and relief of said Edwards one hundred and nineteen dollars.

" And plaintiff avers that on said 25th day of May, A. D. 1888, and continuously thereafter until and including said December 26th, A. D. 1888, said Edwards had his legal residence in said Hancock, and that he was not, during any of said time, and is not now of sufficient ability to defray the expense of his support aforesaid, and that by law said town of Hancock was obliged to provide for his maintenance and support during all said time. And plaintiff avers that its said overseer, to wit, on the 4th day of June, A. D. 1888, and more than sixty days before the commencement of this action, gave notice to the then overseer of the poor of said defendant town, of the situation and need of said Edwards, as aforesaid, and said last named overseer neglected to provide for said Edwards then and there and has ever since neglected to so provide.

" And plaintiff further avers that since said Edwards was discharged from said jail as aforesaid, and more than sixty days before the commencement of this action, to wit, on the      day of January, A. D. 1889, it demanded of said defendant town the said amount of money by plaintiff's said overseer laid out and expended as aforesaid, but defendant has neglected and refused to pay the same, or any part thereof, whereby an action has accrued to plaintiff by statute in such case made and provided, to have and recover of defendant said moneys so by it paid, yet defendant, though requested, has never paid the same or any part thereof."

R. L. s. 2818 reads as follows:

" If a transient person is suddenly taken sick or lame, or is otherwise disabled and confined at any house, in any town, or is

(23)

committed to jail and is in need of relief, the person at whose house he is, or the jailer, as the case may be, shall be at the expense of relieving and supporting such person until he repre-sents his situation to the overseer of the poor of the town, after which the overseer shall provide for his support; and if the overseer neglects to provide for such support, the person so sup-porting him may recover therefor; and if such person is not of sufficient ability to defray the expense of his support, with the other contingent charges, the town may recover the same by an action for money laid out and expended, from the town in which such person is legally settled."

Section 4, No. 42, Acts of 1886, is as follows:

" Section two thousand eight hundred and eighteen is amended by striking out the words " is legally settled;" at the end of the section, and inserting in lieu thereof the word " resides." And said section two thousand eight hundred and eighteen is further amended by adding thereto the following words:

" But no action shall be commenced by the town furnishing support for such person, until the overseer of the poor of such town shall have given notice of the condition of such person to the overseer of the poor of the town of such person's residence, and such last named overseer shall have neglected to provide for such person for sixty days after such notice. And for every subsequent similar neglect for sixty days, an action may be brought, and upon a recovery by the plaintiff therein, the court may in its discretion allow the plaintiff double costs."

*Bliss & Royce,* for the defendant.

This remedy sought to be enforced is that given by the statute. Hence the form of action must be the one designated by the statute, and that is assumpsit. 1 Chit. Pl. 112, 143; *Gedney* v. *Tewksbury,* 3 Mass. 307; *Smith* v. *Drew,* 5 Mass. 514; *Smith* v. *Woodman,* 8 Foster, 520; *Danville* v. *Putney,* 6 Vt. 512; *Pawlet* v. *Sandgate,* 19 Vt. 621; *Howe* v. *Royalton,* 32 Vt. 415.

The first count is not in assumpsit and is bad. It contains no suggestion of a promise. 1 Chit. Pl. 301, 302; Gould Pl. 48.

The second count is bad because it does not allege the per-formance of the condition precedent imposed by the statute. *Middlebury* v. *Hubbardton,* 1 D. Chip. 205; 1 Chit. Pl. 327 - 334, 106, 368; *Londonderry* v. *Windham,* 2 Vt. 149.

The misjoinder is fatal even though such count is good in itself. 1 Chit. Pl. 199–202; *Templeton* v. *Clogston*, 59 Vt. 628; *Corbett* v. *Packington*, 6 B. & C. 268.

*French & Southgate*, for the plaintiff.

If any one count is good the demurrer must be overruled, unless there is a misjoinder. 1 Chit. Pl. 696; Gould Pl. 172, s. 6; 1 Saun. Pl. 497, 498; 6 Com. Dig. Pl. Q. 3.

Either general or special assumpsit will lie or the two may be joined. *Danville* v. *Putney*, 6 Vt. 512; *Pawlet* v. *Sandgate*, 19 Vt. 621.

The first count is in assumpsit. The law will imply the promise if the necessary facts are alleged. *Starkey* v. *Cheeseman*, 1 Salk. 128, case 10; *Wegersloffe* v. *Keene*, 1 Stra. 228; *Griffith* v. *Roxbrough*, 2 M. and W. 734; 1 Chit. Pl. 308.

The opinion of the court was delivered by

ROWELL, J. As the first count does not allege a promise, it is claimed to be in case, and therefore improperly joined with the second count, which is in assumpsit. The action is founded on R. L. 2818 as amended by St. of 1886, No. 42, s. 4, which creates the right and prescribes the remedy, namely, "an action for money laid out and expended," which means assumpsit. Hence that remedy is exclusive. *Hill* v. *National Bank of Barre*, 56 Vt. 582; *Wheeler* v. *Wilson*, 57 Vt. 157; *Farmers and Mechanics National Bank* v. *Dearing*, 91 U. S. 29, 35; *Stafford* v. *Ingersol*, 3 Hill, 38; Sedg. Const. Sts. (2d Ed.) 343.

When case and assumpsit are concurrent remedies, the allegation or the omission of a promise in a declaration may be determinative of the nature of the action. But here assumpsit is the only remedy; and when a plaintiff relies for recovery on compliance with the provisions of a statute and attempts to set forth compliance therewith, the court will look at the statute and take the allegations as intended to meet its provisions. *Pennie* v. *Reis*, 132 U. S. 470. This count alleges facts from which

Woodstock v. Hancock.

the law supposes the defendant to have promised, and in the circumstances the substance of it must be taken to be in assumpsit and not in case, and this determines its nature.

Question has been made whether it is a good count in assumpsit, it not alleging a promise. But we do not decide the question, it not being necessary to decide it in order to dispose of the case.

The general count is adequate for all purposes, and is good without alleging the giving of the statutory notice to the defendant, as that notice is matter of evidence pertaining to the remedy. This is like highway-damage cases, in which it is held not necessary to allege in the declaration the giving of the notice necessary to give a cause of action. So in an action by a school teacher against a district for wages, it is not necessary to allege the obtaining of a certificate of qualification, without which the contract is null and void: *Doyan* v. *School District*, 35 Vt. 520.

The demurrer being to the whole declaration and no misjoinder, one count being good, judgment must go against the defendant.

*Judgment affirmed and cause remanded.*