RAY H. MIXER, BY NEXT FRIEND, *v.* J. NEWTON HERRICK ET AL.

October Term, 1905.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, and HASELTON, JJ.

' Opinion filed February 2, 1906.

*Negligence—Public Nuisance—Injuries Resulting from a Positive Wrong—Pleading—Demurrer.*

There is a distinction between an action for injuries suffered by reason of a positive wrong committed by some other person, and an action for injuries sustained by reason of such person's negligence. In the former instance, no question of defendant's negligence can arise; in the latter, negligence must be directly proved.

Any unauthorized obstruction or excavation in a public street, impairing its safety, constitutes a public nuisance, and subjects the person creating or maintaining it not only to an indictment, but also to liability in a civil action by any person who, without fault on his part, suffers special injury therefrom; and in such action, no question of defendant's negligence can arise, since the initial act was wrongful.

But when an obstruction or excavation is made with the consent of municipal authorities having power to grant it, the rule of liability is less severe, and rests upon the ordinary principles of negligence.

*Buchanan* v. *Town of Barre*, 66 Vt. 129, distinguished.

A demurrer to a declaration containing one good count should be overruled.

Assuming, but not deciding, that, in an action for injuries resulting
from defendants' alleged negligence in allowing a hole in the side-
walk in front of their building, and used by them in connection
therewith, to be insufficiently and defectively covered, the declara-
tion should show that the defendants had knowledge of the alleged
defects, since it appears from certain allegations in the declara-
tion that defendants must have had that knowledge, an express
averment thereof is unnecessary.

CASE for negligence.   Heard on demurrer to the declara-
tion at the April Term, 1905, Windham County, *Powers,* J.,
presiding.   Demurrer overruled, declaration adjudged suffi-
cient.   Defendant excepted.

*F. D. E. Stowe,* and *Waterman & Martin* for the defend-
ant.

The declaration is defective in not alleging that defend-
ants had notice of the condition complained of.   *Osier* v.
*Hinesbury,* 44 Vt. 220.

*Frank E. Barber* for the plaintiff.

WATSON, J.   This case is here on demurrer to the dec-
laration which is in two counts.   The declaration is based upon
the negligence of the defendants in permitting the hole in the
sidewalk in front of their block and used by them in connec-
tion with it on the easterly line of Main Street in the East
Village of Brattleboro, to be and continue to be insufficiently
and defectively covered.   It contains no allegation that the
existence of the hole was unlawful, or that it constituted an
unauthorized obstruction of the sidewalk and hence a wrong
or a nuisance.   There is a distinction between an action for
injuries suffered by reason of a positive wrong committed by
some other person, and an action for injuries sustained by rea-
son of such person's negligence, and this is of the latter kind.

*Dickinson* v. *Mayor, etc.* 92 N. Y. 584; *Clifford* v. *Dam*, 81 N. Y. 52.

The general rule is that any unauthorized obstruction or excavation in a public street, impairing its safety, constitutes a public nuisance, and subjects the person creating or maintaining it not only to indictment but also to liability in a civil action by any person who, without fault on his part, suffers special injury therefrom, and no question of negligence on the part of the wrongdoer can arise, his act being wrongful. But when an obstruction or excavation is made with the consent of municipal authorities having power to grant it, as we assume it was in this case, the rule of liability is less severe and rests upon the ordinary principles of negligence. Dill. Mun. Corp. §§ 699, 700, 1032; *Baggage* v. *Powers*, 130 N. Y. 281; *Jorgensen* v. *Squires*, 144 N. Y. 280; *Calder* v. *Smalley*, 66 Iowa 219. Whether by neglect the obstruction or excavation made with such consent may become a nuisance there is no occasion to inquire.

The case of *Buchanan* v. *Town of Barre*, 61 Vt. 129, relied upon by the defendant, is not in conflict with this doctrine. There the plaintiff sought to recover for injuries received by slipping and falling on the sidewalk in the village of Barre, in consequence of its slippery condition, at a point two to four feet from the steps of the town hall or opera house, when going there to attend an entertainment given by an opera company. It was held that the plaintiff could not recover, since (1) there was no statutory liability on the part of the town or village; and (2) there was no liability consequent on the fact that the defendant owned the opera house and rented it on the occasion in question to the opera company, receiving rent therefor; for considered as a private individual, the defendant had no control of the sidewalk which was a part of the public street,

owed no duty to the plaintiff in respect to its condition, and consequently was under no liability for its defects.

It is urged that the declaration contains no allegation that the defendants had notice or knowledge of the defect complained of, which it is argued is necessary to render them liable in this action. Assuming, but not deciding, that it must appear from the declaration that the defendants did have such notice or knowledge, yet the second count is sufficient. It is there alleged that the defendants, at the time in question and for a long time prior thereto, owned, possessed, and occupied the premises and building described therein, and that there was and had been for a long time prior thereto, a certain hole in the sidewalk, etc., the same being used by the defendants, their agents and tenants as a means of entering the basement of said building with merchandise and other articles of personal property. It is averred that the hole was three feet by three feet and about four feet deep; that it then was and for a long time had been covered by an iron grate, when not in use by the defendants, their agents, or tenants for the purposes aforesaid. The alleged negligence of the defendants consisted in their failure to keep the hole safely protected and securely covered, in that the iron pins on which the grate rested were so short, and the grate was so small, that the latter would slide and slip from the iron pins and fall into the hole. This defect, if it existed, was patent, and we think the allegations of the defendants' occupancy of the premises and of their use of the hole sufficiently show that they had notice of the condition of the grate and of the pins which supported it.

It thus appearing that the defendants had such notice, an express averment thereof was unnecessary. Gould's Pl. ch. III. sec. 3. The second count shows a cause of action and is sufficient.

Since the demurrer is to the declaration, and one count is sufficient, the demurrer must be overruled.

*Judgment affirmed and cause remanded.*