W. W. MARSHALL *v.* VILLAGE OF HARDWICK.

May Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed June 21, 1910.

*Review—Special Demurrer—Grounds Available—Condemnation Proceedings—Rehearing on Petition—Nature—Burden of Proof—Sufficiency of Petition.*

On review of the overruling of a special demurrer, the demurrant will be confined to the assigned grounds of demurrer, where it does not appear that other grounds were argued below.

The right given by statute to a dissatisfied landowner, in condemnation proceedings to petition the county court for a rehearing before commissioners as to the necessity and public convenience of the proposed action is allowed him by way of appeal from the decision in the initial proceeding, and, although original in form, it is in effect a continuation of the initial proceeding, the landowner being the moving party so far only as to bring the matter on for rehearing, whereupon the burden of proof on all issues is where it was in the initial proceeding, and, therefore, such petition is not defective for failure to allege that there is no necessity for the taking.

PETITION for rehearing in condemnation proceedings. Heard on special demurrer to the petition at the December Term, 1909,

Caledonia County, *Stanton,* J., presiding.   Demurrer overruled and petition adjudged sufficient.   The defendant excepted.   The opinion states the case.

*B. E. Bullard* for the defendant.

The petition is insufficient in that it fails to designate wherein the petitioner is dissatisfied, or wherefore he is entitled to any relief.   *Culver* v. *Fair Haven,* 67 Vt. 163; *Lloyd* v. *Culver,* 67 Vt. 167.

*Walter A. Dutton* for the petitioner.

This is an appeal from the decision of the trustees.   *City of Burlington* v. *C. V. Ry. Co.,* 82 Vt. 5.   It is a continuation of the proceeding commenced before the village trustees and not an original action.   *French* v. *Holt,* 53 Vt. 364.   No declaration, then, is necessary.   It is only necessary to allege that the petitioner is dissatisfied with the action of the trustees, and to bring up the record of the proceedings before them to the county court, so that that court may pass upon the identical matters there decided.   This petitioner, in county court, acts wholly on the defensive, the burden there being upon the village of Hardwick to establish the necessity, etc., and not upon the petitioner.   The latter is required neither to allege nor prove anything.

MUNSON, J.   This is an appeal from condemnation proceedings, had by the trustees of the village of Hardwick under §§2 and 3 of No. 235, Acts of 1904, which authorize the taking of water for fire, sanitary and domestic purposes whenever the convenience of the inhabitants and the public good demands, but provide that the taking shall not be such as to deprive the owner of an amount sufficient for his domestic and agricultural uses. The appeal is authorized by section five of the same act, which provides that when a person is dissatisfied with the award of the trustees he may petition the county court for a rehearing as to the necessity and public convenience of the proposed action, and as to the damages awarded.

The petition alleges the taking of certain property of the petitioner for the purposes specified in the act, sets out in full the record of the proceedings, recites that the petitioner is dis-

satisfied with the taking of his property and with the award of the trustees, and requests that commissioners be appointed for a rehearing as to the necessity and public convenience of the proposed action, and as to the damages awarded.   The case comes up on demurrer, and it is claimed that the petition is defective in several respects.   Two causes of demurrer were specially assigned, only one of which is relied upon here; and it does not appear that any matters other than those assigned were argued below.   So there is but one point for consideration.   *Cushman* v. *Boston & Maine R. R.,* 82 Vt. 390.

It is claimed that the petition is defective in that, while asking for a rehearing on the question of necessity, it fails to allege that the taking of the property is not required by the convenience of the inhabitants or the public good.   It is argued that the law makes the petitioner the advancing party, and that it is incumbent upon him to allege and prove that there is no necessity for the proposed taking.   The petitionee misconceives the nature of the proceeding.   The petition is allowed the landowner by way of appeal.   Although in form an original proceeding, it is in effect a continuation of the proceedings initiated by the trustees.   See *French* v. *Holt,* 53 Vt. 364.   It secures to the petitioner a rehearing of the whole case by another tribunal.   But the petitioner is the moving party so far only as to bring the matter to this further hearing.   His appeal no more reverses the position of the contestants as regards the issue than does the appeal of a defendant from the judgment of a justice.   It could not be otherwise in a proceeding of this nature.   It is the hearing available to the landowner on appeal which satisfies the constitutional requirement.   *Stearns* v. *Barre,* 73 Vt. 281.   Our condemnation proceedings are sustained on the ground that to require the landowner to proceed from this point by petition at his own expense is not an infringement of the right of appeal, but a reasonable regulation of the mode of exercising it.   *Burlington* v. *Central Vt. Ry. Co.,* 82 Vt. 5.   These holdings are inconsistent with the claim that the action of the municipality is effective to cast upon the landowner the burden of establishing in the appellate tribunal his right to retain the property.   The petition is not defective because of the failure to allege that there is no necessity for the taking.

*Judgment affirmed and cause remanded.*