WILLIAMS MANUFACTURING COMPANY AND CITIZENS SAVINGS BANK AND TRUST COMPANY *v.* INSURANCE COMPANY OF NORTH AMERICA.

October Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON AND POWERS, JJ.

Opinion filed December 8, 1911.

*Demurrers—Questions Reviewable—Matters not Raised Below— Pleadings—Declaration— Sufficiency— Insurance— " Insurable interest" of Mortgagee.*

A demurrant will be confined in the Supreme Court to the assigned grounds of demurrer, when it does not appear that other grounds were argued below.

A demurrer to the whole declaration should be overruled, if any count is good.

Any title or interest in property, legal or equitable, will support a contract of insurance against loss by fire.

The term "interest," as used with reference to the right to insure, does not necessarily imply property in the subject of insurance, and so a mortgagee of real property has an insurable interest therein.

A declaration in general assumpsit on a fire insurance policy, alleging that the indebtedness resulting from the loss accrued to both the mortgagor and the mortgagee of the insured property, and that the promise in consideration thereof was made by the insurer to them both, shows promise and consideration sufficient to entitle them to sue jointly.

GENERAL ASSUMPSIT on a fire insurance policy. Heard on demurrer to the whole declaration at the June Term, 1910, Caledonia County, *Waterman*, J., presiding. Demurrer sustained, *pro forma*, and declaration adjudged insufficient. The plaintiff excepted. The opinion states the case.

*Howe & Hovey* for the plaintiff.

*Dunnett & Slack* for the defendants.

MUNSON, J. The declaration is in general assumpsit, and contains four counts. The first and second allege in substance that the indebtedness was for the loss or damage by fire of certain property of the plaintiff Manufacturing Company. The third alleges that the indebtedness was by reason of the defendant's having insured the plaintiff Manufacturing Company against loss of its property by fire, and made the loss payable to the plaintiff Savings Bank, mortgagee. The fourth alleges that the indebtedness was on a policy issued to the plaintiff Manufacturing Company, in which the loss was made payable to the plaintiff Savings Bank, mortgagee. By general allegations applicable to all the counts, the indebtedness arising from the loss is set up as accruing to both plaintiffs, and the promise in consideration thereof as having been made to both plaintiffs.

The defendant demurs generally, and assigns as causes of demurrer, that the plaintiffs are misjoined; that the suit can be maintained only in the name of the Williams Manufacturing Company; that if suit can be maintained in the name of the Cit-

izens Savings Bank and Trust Company, the other plaintiff is improperly joined as such; and that the allegations of the declaration disclose no cause of action in favor of the Citizens Savings Bank and Trust Company, or upon which that corporation can maintain a suit. It appears affirmatively that no other ground of demurrer was presented in the court below.

The defendant insists that a declaration in *indebitatus assumpsit* must show the ground of the indebtedness which is the consideration of the promise, and that the first and second counts are defective for want of a sufficient allegation of this nature. The sufficiency of the counts in this respect will not be considered; as a demurrant will be confined to the assigned grounds of demurrer when it does not appear that other grounds were argued below. *Marshall* v. *Hardwick Village*, 83 Vt. 495, 76 Atl. 411. The declaration will stand if any count is good, and in view of the situation regarding the first two, our attention will be confined to the third and fourth. The suggestion that these are defective in that they fail to show any consideration whatever need not be considered, for the assignment points only to the want of allegations necessary to sustain the joinder of plaintiffs.

The question is whether the allegations of consideration and promise are sufficient to entitle the plaintiffs to sue jointly. Any title or interest in property, legal or equitable, will support a contract of insurance against loss by fire. 19 Cyc. 584; *Swift* v. *Vt. Mutual Fire Ins. Co.*, 18 Vt. 305. A mortgagee of real property has an insurable interest in the premises. 2 Am. Lead Cas. 4th Ed. 565; *Bell* v. *Western etc. Ins. Co.*, 5 Rob. 423, 39 Am. Dec. 542. The term interest, as used with reference to the right to insure, does not necessarily imply property in the subject of insurance. *Buck* v. *Chesapeake Ins. Co.*, 1 Pet. 151, 163, 7 L. ed. 90, 95. The mortgagee's interest is an interest in the preservation of the property rather than an ownership. *Excelsior etc. Co.* v. *Royal Ins. Co.*, 55 N. Y. 343, 14 Am. Rep. 271. A mortgagee's insurance is a contract of indemnity against the loss which he may sustain through the destruction of his mortgagor's property. The counts in question allege a promise to both plaintiffs, in consideration of an indebtedness to both plaintiffs, and an injury to the property of one plaintiff

as the ground of the indebtedness. Inasmuch as mortgagor and mortgagee each have an insurable interest in the property, we cannot say but that there may be a policy so written as to make the insurer liable to the two jointly, although the ownership of the property is in one. Whether the plaintiffs have such a policy will appear on trial.

*Judgment reversed, demurrer overruled, third and fourth counts adjudged sufficient and cause remanded.*