Isadore Dziekewicz *vs.* John Butkewicz.

MARCH 1, 1913.

Present:   Johnson, C. J., Parkhurst, Sweetland, and Vincent, JJ.

*(1)   Evidence.*

Where the amount of the monthly rental of premises was disputed between landlord and tenant, question as to the rent paid by a former tenant was immaterial.

*(2)    Trespass and Ejectment.    Election.*

Where a landlord borrowed money from a tenant, which the latter claimed was
to be paid him by crediting the monthly rental upon the loan, the bringing
of suit by the tenant upon the loan and the attachment of the property of
the landlord constituted a repudiation of such agreement and was an election
to collect the loan by suit, warranting the landlord in bringing ejectment
against the tenant, upon non-payment of the rent.

TRESPASS AND EJECTMENT. Heard on exceptions of
defendant and overruled.

JOHNSON, C. J.    This is an action of trespass and eject-
ment brought to recover possession of a certain tenement,
situated on Chalkstone Avenue, in the city of Providence,
on the ground that the defendant had suffered the stipulated
rent for the same to be and remain due and in arrears for
the period of fifteen days, the writ being dated January 1,
1912, and returnable in the district court of the sixth
judicial district January 8, 1912.

Decision was given for the plaintiff for possession and
costs in said district court January 15, 1912, and the defend-
ant claimed a jury trial.    The case was tried in the Superior
Court February 8, 1912, before Mr. Justice Stearns and a
jury.

It appears from the evidence that the plaintiff and defend-
ant do not agree as to certain of the facts.

Plaintiff testified that in September, 1911, he bought
certain property on Chalkstone Avenue, in Providence,
consisting of a lot of land and a house, the lower or basement
story of which was a store; that at the time he purchased the
property he borrowed $330 from the defendant; that the
defendant, within five days after the plaintiff bought the
property, became the tenant of the plaintiff of the basement
store to be occupied by the defendant as a pool room at a
rental of $15.00 per month, the monthly rent to be paid $10
in cash and $5.00 to be retained by the defendant and
credited on account of the $330 loan; that at the end of
three years the plaintiff was to pay to the defendant the
balance then remaining due and unpaid upon the said $330

loan; that the defendant, ignoring the agreement, refused to pay any rent; and that on or about January 1, 1912, the plaintiff commenced this action to eject the defendant from the premises described in the writ.

The defendant testified that he loaned plaintiff $330 on August 12, 1911, which was to be repaid in a couple of months or whenever defendant needed it, and, on cross-examination, that plaintiff said that he was to get some money from his brother before Christmas and would repay it then; that he hired the store in question of the plaintiff on the 10th of November, 1911, at a monthly rental of $10.00 per month. To the question, "How was the rent to be paid," his answer was: "He said that he should take it for account for $330 every month." He testified that he brought a suit against the plaintiff to recover the said loan of $330 and attached the plaintiff's property before he went in as a tenant. The writ in said suit was dated October 13, 1911. He testified that he recovered in the district court the full amount of his claim. Counsel for both sides stated that the district court gave a decision in his favor for the full amount, less $15, one month's rent.

At the conclusion of the evidence in the case at bar, the justice of the Superior Court directed the jury to return a verdict for the plaintiff for possession and costs. The defendant excepted thereto and duly filed notice of his intention to prosecute a bill of exceptions upon all his exceptions in the case. The bill of exceptions and the transcript of testimony were duly filed and were allowed by said justice. The case is now before this court upon said bill of exceptions.

(1) The first exception is to the ruling of the court excluding the following question: "The rent of that store before he had the place was $10 per month was it not?" The ruling was correct. What the store rented for before the plaintiff bought the property of which the store was a part was clearly immaterial.

The second exception is that "The court erred in ruling that the defendant had made an election in suing for the money loaned by the plaintiff."

The ruling referred to was made upon the objection to question 85, page 21: "When did that brother come?" The defendant had testified, as stated *supra*, that plaintiff said that he was to get some money from his brother before Christmas and would repay it then. The question having been objected to, there followed a colloquy between court and counsel covering quite an extended discussion of the evidence in the case and the law applicable thereto at the conclusion of which, the judge said: "It looks to me that when he began his first suit he saw fit to take the remedy that way. He cannot do both things. I sustain your objection to the question." The ruling therefore sustained the objection to said question 85 and the exception was taken to that, while the exception as stated in the bill is to the statement made by the judge just prior to his ruling. We find no error in said statement, and it is in accord with his final ruling directing a verdict. The question itself was rightly excluded. It was clearly immaterial.

(2)

The third exception is that "The court erred in ruling that on the facts as shown by the defendant's testimony he was under the obligation to pay rent, and his failure to pay rent for more than fifteen days after demand entitled the plaintiff to a finding by the jury for possession and costs." And the fourth exception is that "The court erred in directing a verdict for the plaintiff for possession and costs." As the fourth exception is to the action of the court indicated in the statement to which the third exception was taken, the two, in effect constitute but one exception.

From our examination of the evidence we are of the opinion that the court did not err in directing a verdict for the plaintiff for possession and costs. The defendant's exceptions are all overruled, and the case is remitted to the Superior Court, with direction to enter judgment for the plaintiff for possession and costs upon the verdict.

*James A. Williams*, for plaintiff.

*Charles Z. Alexander*, for defendant.