ARTHUR McCARTHY'S ADMR. *v.* VILLAGE OF NORTHFIELD.

October Term, 1912.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 17, 1913.

*Master and Servant—Death of Servant—Sufficiency of Declaration—Duty to Warn—Failure to Warn.*

A demurrer to the whole of a declaration consisting of several counts should be overruled, if one count is sufficient and there is no misjoinder.

In an action on the case for negligence, the naked allegation of the declaration that defendant failed in its duty amounts to nothing on demurrer.

On demurrer to a declaration in an action for the death of a servant, the allegation that decedent was inexperienced and unskilled is insufficient to show that defendant owed decedent the duty of warning and instructing him.

Where the declaration in an action for the death of a servant alleged that defendant owned and operated an electric light plant; that decedent was employed therein; that he was required to work around designated machinery and apparatus, including wires and instruments carrying dangerous currents of electricity; that he had little experience in such matters; that defendant wholly neglected its duty to him growing out of the employment and negligently failed to warn and instruct him, "all of which was well known to defendant but unknown to decedent," the quoted allegation should not be construed as referring only to the averments in the paragraph in which it occurs, but to all the allegations that precede it in the count.

CASE for negligence. Heard on demurrer to the whole declaration, at the March Term, 1912, Washington County, *Waterman*, J., presiding. Demurrer sustained and declaration adjudged insufficient. The plaintiff excepted. The opinion states the case.

*V. A. Bullard* and *H. C. Shurtleff* for the plaintiff.

*Plumley & Plumley* for the defendant.

POWERS, J. This is an action on the case for negligence resulting in the death of the plaintiff's intestate while engaged in the defendant's service. The defendant filed a motion for a more certain, definite and particular declaration, and also demurred, both generally and specially. The demurrer was sustained, and the case comes here on the plaintiff's exceptions before trial on the merits.

The demurrer is to the whole declaration; so if any one of the thirteen counts which it contains is good, and there is no misjoinder, the demurrer fails. *Woodstock* v. *Hancock,* 62 Vt. 348, 19 Atl. 991; *Mixer* v. *Herrick,* 78 Vt. 349, 62 Atl. 1019; *Williams Mfg. Co.* v. *Ins. Co.,* 85 Vt. 282, 81 Atl. 916; *Ingram* v. *Rutland R. R. Co.,* 86 Vt. 550, 86 Atl. 813.

Counts 4 and 12 are alike, except that the latter declares for damages to the next of kin. They allege that the defendant owns and operates an electric light plant, and that the intestate was employed therein; that he was required to work around certain machinery and apparatus, which included wires and instruments carrying dangerous currents of electricity; that he had had little experience in such matters; that the defendant wholly neglected its duty to him growing out of his employment; and that the defendant negligently failed to warn and instruct him.

The general allegation that the defendant failed in its duty amounts to nothing. It is fair construction, however, to say that the allegation that the defendant failed to warn and instruct shows the particular in which the defendant was negligent. The allegation that the intestate was inexperienced and unskilled, standing alone, is insufficient to show that the defendant owed him the duty of warning and instruction. If he did not require warning and instruction regarding the very dangers

which resulted in his injury, it was not actionable negligence for the defendant to omit such warning and instruction. *Wiggins* v. *E. Z. Waist Co.*, 83 Vt. 365, 76 Atl. 36. But the counts contain, in the paragraph charging the failure to warn and instruct, the further allegation, "all of which was well known to the defendant, but unknown to plaintiff's intestate." If this allegation is to be limited to the averments of the paragraph in which it stands, the counts are defective; because they do not negative the plaintiff's knowledge and appreciation of the dangers, and do not show that he required warning and instruction. But if this allegation relates to all that has gone before, then the counts are sufficient.

Pleadings are to be construed against the pleader, *State, ex rel.* v. *Greene*, 87 Vt. 94, 88 Atl. 515. But in applying this rule, others must not be lost sight of, *Royce* v. *Maloney*, 58 Vt. 437, 5 Atl. 395; one of which is that the language of the pleading is to have a reasonable construction. 1 Chit. Pl. *237; *Lyman* v. *C. V. R. R. Co.*, 59 Vt. 167, 10 Atl. 346. Surely, a construction should not be adopted that would render the pleading meaningless or absurd.

To limit the allegation under consideration to the averments of the paragraph in which it is found would be to attain just that result. For it could not be that the failure to warn and instruct was known to the defendant, but unknown to the intestate. The only reasonable view to adopt is that this allegation, though unfortunately located and not accurately phrased, refers to all the allegations of the count which precede it.

This construction renders the counts named sufficient, and the demurrer should have been overruled.

*Reversed and remanded.*