INEZ T. JOURDENAIS *v.* CHARLES C. HAYDEN.

January Term, 1932.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed February 4, 1932.

*Novak, Bloomer & Spero* for the plaintiff.

*Clayton H. Kinney, Marvelle C. Webber,* and *Vernon J. Loveland* for the defendant.

POWERS, C. J.   The defendant owned and operated a store on a very busy street in the city of Rutland.   He purchased an electric sign therefor, and engaged the Reed Electric Company to install it.   That company sent its employees with tools and equipment to the defendant's store to do the job.   The defendant told these men, Allard and Severance, where, on the face of the building, he wanted the sign placed, and they went to work.   They took a ladder which they had brought with them, erected it against the front of the building with the foot of it four to six feet from the wall, and to keep it from slipping, fastened it by a rope extending from the foot of the ladder to a ring or handle in the sidewalk next to the building.   The plaintiff came out of a nearby store, and in passing along the sidewalk under the ladder, she tripped over this rope and sustained the injuries which are the basis of this suit.   The court below ordered a verdict for defendant, and the plaintiff alleges error.

The parties do not disagree as to what the law applicable to this class of cases is, and they could not very well for it is well established by our decisions.   It is all shown by *Richards* v. *Consolidated Lighting Co.,* 90 Vt. 552, 99 Atl. 241, and cases cited.   One is not, ordinarily, liable for the negligence of an independent contractor.   That the electric company was such a contractor, that Allard and Severance were its servants since it hired them, and paid them, and had the sole right to direct the way in which they should go about this work, what facilities they should use and how they should secure the same, is all too plain to be seriously questioned.   The transcript clearly shows that the defendant neither reserved nor exercised any control over the means they should adopt or the methods by which they should perform the work of their assignment.   To be sure, he pointed out the place where the sign was to be located, and made some slight change in the location when difficulties

were encountered in drilling the brick, but as to how they should get it up there, secure it, or wire it in, he said nothing. That was left entirely to them. Therefore, they were not his servants. *Kelley's Dependents* v. *Hoosac Lumber Company et al.,* 95 Vt. 50, 113 Atl. 818; *Le Blanc* v. *Nye Motor Co.,* 102 Vt. 194, 147 Atl. 265. So, if there was any negligence in stretching this rope across the sidewalk, it was nothing chargeable to the defendant. For that, redress must be sought against the workmen or their employer.

But the plaintiff says that this case comes within one or more of recognized exceptions to the rule above referred to rather than the rule itself. These exceptions are referred to and approved in the Richards Case. Of these, only the following are here involved. That the work was unlawful and created a nuisance; and that the work was intrinsically dangerous, and of such a nature as to cause injury to others unless precautions were taken.

■ The work was not unlawful. The installation of an electric sign is not proscribed by law or public policy. In this respect it was like the steam shovel in *Bailey* v. *Troy & Boston R. R. Co.,* 57 Vt. 252, 25 A. R. 129. Such signs are in common use, and there is nothing about them or their erection that is against the law. If the methods adopted by the men who erected this one created an unlawful obstruction of the street—a question on which we say nothing—they or their employer were responsible; but not this defendant. The case is clearly distinguishable from *Mixer* v. *Herrick,* 78 Vt. 349, 62 Atl. 1019, and similar cases sometimes spoken of as the "Coal Hole" cases. There the appliance is one maintained by the property owner, and necessarily made use of by those having occasion to deliver goods or supplies to him. Here, the rope was not placed or continued by the defendant, nor was it any part of his premises or their equipment. In no view of the situation can it be said that the responsibility for any obstruction to traffic caused by this rope was on the defendant.

■ ■ The noncompliance with the ordinance of the city requiring a permit for this work avails the plaintiff nothing. The lack of such a permit had no causal relation to the presence of the rope, and was, therefore, an irrelevant and inadmissible fact. *Prouty* v. *Pellet & Skinner,* 96 Vt. 53, 57, 117 Atl. 373.

Even the noncompliance with or violation of a statute does not afford a basis for an action for negligence, unless it was a proximate cause of the accident. *Hatch* v. *Daniels,* 96 Vt. 89, 92, 117 Atl. 105.

The work was not intrinsically dangerous, within the meaning of that term as used above. It was attended with some risks, to be sure; all industrial and mechanical efforts are. But this work involved no unusual hazards, and there was nothing about it that could not be done with safety or that required extra precautions to protect the public. Then, too, the injuries to the plaintiff resulted, not from the hazards inhering in the work, but from one created by the careless act of the men who were doing it.

Our conclusions regarding the defendant's responsibility render harmless most of the alleged errors in the matters of evidence briefed by the plaintiff. The others are without merit.

*Judgment affirmed.*