MARY R. PRICE *v.* DIRCE E. HOLDEN.

May Term, 1932.

Present:   POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed October 18, 1932.

*H. J. Holden* for the defendant.

*Theriault & Hunt* for the plaintiff.

Moulton, J.   The only exception briefed is to the overruling of the defendant's demurrer to the amended complaint, which is in the common counts with two special counts, each of the latter alleging an agreement between the defendant, the purchaser of certain mortgaged premises, and the mortgagor, that the former should assume and pay the mortgage indebtedness, and a promise by the defendant to the plaintiff, the mortgagor, to pay to her the amount due.

The defendant argues the insufficiency of the two special counts, but the demurrer is to the whole complaint, and since the general count states a good cause of action, and there is no misjoinder, no error appears in the ruling.   *McCarthy's Admr.* v. *Northfield,* 87 Vt. 191, 192, 88 Atl. 734; *Ingram's Admx.* v. *Rutland R. R. Co.,* 86 Vt. 550, 555, 86 Atl. 113; *Mixer* v. *Herrick,* 78 Vt. 349, 352, 62 Atl. 1019; *Woodstock* v. *Town of Hancock,* 62 Vt. 348, 352, 19 Atl. 991.   The specification filed under the general count is not a part of the complaint in respect to the demurrer.   *New York Central R. R. Co.* v. *Clark,* 92 Vt. 375, 377, 104 Atl. 343; *Aseltine* v. *Perry,* 75 Vt. 208, 210, 54 Atl. 190; *Boville* v. *Dalton Paper Mills,* 86 Vt. 305, 318, 85 Atl. 623; *Alexander* v. *School Dist. No. 6,* 62 Vt. 273, 276, 277, 19 Atl. 995; *Lapham* v. *Briggs,* 27 Vt. 26, 29.

The defendant moved to pass the case to this court before judgment but the motion was denied subject to his exception.   He did not replead and judgment was entered for the plaintiff, the clerk of court to assess the damages, to which an exception was taken.   Neither of these exceptions are briefed and they are, consequently, waived.   *Gray* v. *Brattleboro Trust Co.,* 97 Vt. 270, 274, 122 Atl. 670; *Wood* v. *James,* 93 Vt. 36, 43, 106 Atl. 566, and cases cited.   On the record, no issue of fact has been joined and remains for disposition.   *Houghton, Admr.* v. *Tolham,* 74 Vt. 467, 470, 52 Atl. 1032.

We have deemed it advisable to state our views upon the material points in issue, since both parties have argued the case.   But there has been no assessment of the damages and therefore no full and perfect judgment has been rendered in the trial court upon which the plaintiff might have taken execution before the case could properly have come before this Court on exceptions.   As the controversy has not been finished below, and no proper judgment there rendered, it is improperly here.

*Probate Court for District of Marlboro* v. *Chapin,* 31 Vt. 373, 374, 377; *Armstrong* v. *Moore,* 95 Vt. 359, 361, 115 Atl. 295. This is not a case where the trial court in its discretion has passed exceptions to this Court before final judgment for hearing and determination, under G. L. 2262. See *Hannah* v. *Hannah,* 96 Vt. 469, 472, 120 Atl. 886. As we have seen, a motion to do this was denied. Therefore the entry must be, *Exceptions dismissed, and cause remanded.*