MANATEE LOAN & MORTGAGE CO. v. JOHN B. MANLEY'S ESTATE.

February Term, 1933.

Present: SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed May 2, 1933.

*Herbert G. Barber* (*Dewey A. Dye* of Bradenton, Florida, of counsel) for the plaintiff.

*Frank E. Barber* for the defendant.

GRAHAM, J. The trial court sustained, *pro forma,* the defendant's demurrer to the plaintiff's complaint, and certified

the plaintiff's exception to the ruling to this Court for review before final judgment.

The plaintiff's complaint contains two counts, the common counts and a special count. The special count alleges an agreement in writing between W. W. Hodgman, called the trustee, and J. B. Manley (the deceased), W. A. Knight, and R. M. Arnau to purchase certain land for the purpose of sharing the profits which might arise from its resale; that the indenture provides that the trustee is vested with the legal title to certain described lands situated in Manatee County, Florida, which were purchased and are held in accordance with the terms of the indenture; that the parties contributed to the purchase price in the following shares: One-fourth by Hodgman, one-half by Manley, one-eighth by Knight, and one-eighth by Arnau; and that the title to the property is held by Hodgman upon trust for the respective parties in the same shares. It is alleged that the agreement provides that each of the parties shall pay or contribute his due portion of all expenses incurred or which may be incurred by the trustee in relation to the property, and that the trustee shall have power to sell or mortgage the land on such terms as he shall think fit, and to execute and deliver proper and necessary instruments for that purpose. It is further alleged that Hodgman, as trustee, for the purpose of securing a part of the purchase price, executed and delivered his promissory note, and also executed a mortgage deed covering the land to secure the payment of the note; that the note was duly indorsed and transferred to the plaintiff, who became the holder thereof in due course and for value; and that the mortgage securing the same was also duly assigned and transferred to the plaintiff. It is further alleged that "in consideration of the premises as set forth in said indenture and the common and joint adventure and enterprise of the parties thereto, * * * said John B. Manley, deceased, in his lifetime did assume, promise, and agree to and with the plaintiff, Manatee Loan & Mortgage Co., to pay to it a sum equal to the amount of said promissory note," etc.

The demurrer is to the whole complaint; it states twelve separate and distinct grounds, all to the effect that no valid cause of action is alleged against the defendant. The argument before us has been addressed to the sufficiency of the special count, but we are faced with the well-established rule, which

has very recently been stated and applied by this Court, that where the demurrer is to the whole complaint and one count is good, the demurrer should be overruled. *Price* v. *Holden*, 104 Vt. 504, 162 Atl. 376, and cases there cited.

We are concerned with a question of pleading only; no question of proof is involved. The general count states a good cause of action, and there is no misjoinder; therefore the complaint is not assailable by a demurrer addressed to the entire pleading.

*Judgment reversed, and cause remanded.*