## G. W. BRADLEY v. DEWEY PHILLIPS.

*Pleading.   Common Counts in Assumpsit.   Evidence.   Charge.*

Where a contract has been so far performed that nothing remains to be done there-
under but to pay money, the common counts in assumpsit will lie for the recovery
of the sum to be paid.   Thus, where neighboring land owners, having trespassed
and cut timber each on the lands of the other, agreed to settle by paying each to
the other at a specified rate, and one paid, but the other refused, it was *held* that
the common counts would lie for the unpaid sum.

Plaintiff in opening introduced evidence tending to prove that defendant promised to
pay for all logs cut on plaintiff's land.   The defendant introduced evidence tend-
iug to prove that he promised to pay for what he had cut on plaintiffs land. but
that a part of the logs were cut before plaintiff had title.   Plaintiff in rebuttal in
troduced evidence tending to prove that defendant promised to pay for all logs cut
north of a certain line which was plaintiff's south line.   The court in effect left it
for the jury to say what the contract was, and charged that if they found it in ac-
cordance with plaintiff's evidence, plaintiff was entitled to recover. *Held,* no error.

GENERAL ASSUMPSIT.   Plea, general issue, and trial by jury, June Term, 1879, DUNTON, J., presiding.

The plaintiff introduced in evidence deeds to himself, dated 1870 and 1871, of a tract of wild land in Sunderland, and testified that in the winter of 1875–6 his workmen, being then engaged in cutting timber thereon, cut, as he believed, about five hundred spruce logs, on the adjoining land of the defendant, lying south of the plaintiff's south line, which was identical with the line of the ninth range of lots in said town ; that in the following spring, the defendant threatened to bring an action therefor, whereupon the plaintiff told him he would pay him $200, or at the rate of forty cents per log, and the defendant, in consideration thereof agreed to pay the plaintiff at the same rate for any logs that he or his workmen had cut on the plaintiff's land, but denied having cut logs on the plaintiff's land.   The plaintiff then introduced evidence tending to prove that the defendant cut about seven hundred and forty-eight logs north of the line on the plaintiff's land in the fall of 1871, and rested.

The defendant then introduced evidence tending to prove that the plaintiff cut a little more than six hundred logs, but that it was agreed to call it six hundred ; that $150 of the $200 was agreed on as compensation for the logs, and the remaining $50 for the defendant's trouble in the matter ; and that the defendant, although he promised to pay at the same rate for what logs he had cut on the plaintiff's land, at the same time said he had not cut any.   The defendant also introduced evidence tending to prove that he never cut but two hundred and forty logs in that immediate vicinity, that they were cut on land claimed to be owned by one Elwell, and that he paid Elwell for them.   He introduced Elwell as a witness, who testified to the same effect and that a part of the logs were cut on land that he owned south of the line, and the rest on land north of the line, which he surveyed in 1865, and around which he marked a line, and on which he cut a considerable quantity of timber.

The plaintiff then introduced evidence tending to contradict the testimony of Elwell, and to prove that at the time of the payment as above stated, the defendant in consideration thereof agreed to

pay the plaintiff at the same rate for all logs that he or his work-
men had cut north of the ninth range line, if any, " which would
be upon land then and still claimed to be owned by the plaintiff."

The defendant then moved for a nonsuit, for that the plaintiff
could not recover on the common counts ; but the court ruled
otherwise and permitted the case to go to the jury ; to which the
defendant excepted.

The defendant then requested the court to charge that if the
plaintiff could recover at all, he could recover only for what the
defendant had cut north of the line, and, if Elwell's testimony was
to be believed, on land not included in Elwell's survey. The
court refused so to charge, but charged that if Elwell surveyed
and took possession of land, as his testimony tended to prove, his
title thereto would be superior to the plaintiff's ; but that if the
defendant agreed to pay for all logs cut north of the line, as the
plaintiff's rebutting testimony tended to prove, then, inasmuch as
the plaintiff then and still claimed to own the land, as the defend-
ant knew, the plaintiff could recover for all logs cut north of the
line, whether cut on land surveyed by Elwell or not. To the re-
fusal to charge as requested, and to the charge given, the defend-
ant excepted.

Verdict for the plaintiff for $180 damages.

*Miner & Fenn* and *Ranney Howard*, for the defendant, con-
tended that the plaintiff could not recover on the common counts,
that the court should have charged as requested, and that the
court should have charged that the plaintiff was bound by the
contract as he first testified it was. On the question of the
refusal to charge and of title in Elwell they cited *Beach* v. *Sut-
ton*, 5 Vt. 209 ; *Spaulding* v. *Warren*, 25 Vt. 316 ; *Swift* v.
*Gage*, 26 Vt. 224.

*Burton & Munson* and *R. P. Barrett* (*J. K. Batchelder* with
them), for the plaintiff.

The refusal to direct a nonsuit was without error. Nothing
remained to be done under the contract, except payment by the
defendant ; and there was no obstacle to recovery on the common

counts. 1 Swift Dig. 701 ; *Felton* v. *Dickinson*, 10 Mass. 287 ; *Mattocks* v. *Lyman*, 16 Vt. 113 ; *Leeds* v. *Burrows*, 12 East, 1.

The defendant was not entitled to the charge asked for. He knew the plaintiff claimed the land ; and well might agree to pay for logs cut on it, although another might also claim title to it. To have charged as requested, the court would have withdrawn from the jury evidence legitimately before them.

The charge was pertinent to the evidence and without error.

The opinion of the court was delivered by

VEAZEY, J. The declaration in this case was sufficient. The question was not one of title, but purely of contract. The parties to the suit owned adjoining lands. They complained to each other of respective trespasses, by cutting over the division line, each upon the land of the other. Under these circumstances they each agreed to pay the other at a stipulated rate for the logs they had so cut upon each other's land. The plaintiff performed the agreement on his part, and sued the defendant in general assumpsit for the amount which the latter had agreed to pay. The defendant claims that recovery cannot be had in this form of declaration. The rule has been repeatedly announced that where there has been a special agreement, the terms of which have been performed, so that nothing remains but a mere duty to pay money, the general counts are sufficient for the recovery of the sum due. *Felton* v. *Dickenson*, 10 Mass. 287 ; *Mattocks* v. *Lyman*, 16 Vt. 113. In this case the contract in effect provided a rule to ascertain the sum due. The plaintiff had performed on his part, and nothing remained for the defendant to do but to pay according to agreement. The case is therefore clearly within the rule above indicated. The fact that the defendant's evidence tended to show that while he agreed to pay for what he had cut north of the line, yet he in that connection denied that he had cut any north of the line, or on the plaintiff's land, did not change the character of his contract. His agreement was in effect to pay for what he had cut, if any, leaving it for the plaintiff to show how much he had cut.

The defendant also insists that the court erred in its charge to the jury. We think the charge was correct. The parties differed

Bradley *v.* Phillips.

as to what the agreement between them was. The plaintiff's testimony tended to show that the defendant had agreed to pay for all the logs he had cut north of the division line. The defendant's evidence, that he only agreed to pay for what he had cut north of that line on the plaintiff's land, and that some of his cutting had been on land north of the line before the plaintiff got title and while Elwell claimed it, and the effect of his testimony, as he now argues, was a denial of any agreement to pay for his cutting on the Elwell land. The court submitted to the jury to find what the agreement was, and instructed them, in effect, that if they found it as the plaintiff's evidence tended to show, then he was entitled to recover. As before stated, it was a question of compromise-agreement; and being in parol, and the parties disagreeing as to its terms, it was the province of the jury to determine what it was. The plaintiff's rebutting evidence was not objected to; neither was it inconsistent with his previous evidence. Even if it was, it did not change the issue to the jury. The question still remained as to what the parties agreed to do. The court would have had no right to say to the jury, you must discard the rebutting evidence and hold the plaintiff to his original evidence in determining what the agreement was.

The rebutting evidence was put in to meet the turn which the defendant had undertaken to give to the agreement as the plaintiff first left it. This is the ordinary and proper office of rebuttal under such circumstances. Its inconsistency, if any, with the previous testimony of the plaintiff, might weaken the plaintiff's case. But the evidence was put in without objection, and no question is made as to its admissibility. Being in, it was for the jury to pass upon it in connection with all the evidence in determining what the defendant's agreement was.

*Judgment affirmed.*