A. M. ASELTINE *v.* WILLIAM PERRY.

January Term, 1903.

Present: TYLER, START, WATSON and HASELTON, JJ.

Opinion filed February 25, 1903.

*Common counts—Specification—Limitation of right of recovery.*

Though a specification is no part of the declaration in respect to subsequent pleadings, it circumscribes the scope of the evidence and the right of recovery.

A specification can be treated as amended, when not amended in terms, only when the course of the trial has been such as to permit it to be so treated.

GENERAL ASSUMPSIT. Pleas, the general issue and payment. Heard on the report of a referee, at the September Term, 1902, Franklin County, *Munson, J.,* presiding. Judgment for the defendant. The plaintiff excepted.

*Elmer Johnson* for the plaintiff.

This is not a suit upon the notes, but an action for money lent and paid out. The notes furnished evidence that the maker has received from the payee a sum of money which he promises to pay. *Chase & Grew* v. *Burnham & Dow,* 13 Vt. 448; 14 Am. & Eng. Ency. Pl. & Pr. 566; *Lapham* v. *Briggs,* 27 Vt. 27.

The purpose of a specification is not to tell what kind of evidence will be offered, but to define the ground of recovery. *Hicks* v. *Cottrell,* 25 Vt. 80; *Greenwood* v. *Smith,* 45 Vt. 38.

An attorney may claim a recovery upon one ground only, yet if the evidence discloses a different ground of recovery

suited to the declaration, he is entitled to judgment. *Bates &*
*Son* v. *Michael,* 56 Vt. 49.

*Emmet McFeeters* for the defendant.

The notes having been received in payment of the pre-
mium, no suit can be maintained for the premium. *Hutchins*
v. *Olcutt,* 4 Vt. 549; *Torrey* v. *Baxter,* 13 Vt. 452; *Farr* v.
*Stevens,* 26 Vt. 299; *Collamer* v. *Landon,* 29 Vt. 32; *Waite*
v. *Brewster,* 31 Vt. 516; *Wemet* v. *Lime Co.,* 46 Vt. 460. , The
plaintiff's right of recovery is limited by his specification.
*Bank* v. *Lyman,* 20 Vt. 666.

HASELTON, J.   The plaintiff was a life insurance agent.
The defendant, through the plaintiff's agency, made application
for insurance on his life; and the plaintiff's principal, in ac-
cordance with said application, issued to the defendant a policy
of life insurance, and delivered the same to the plaintiff for the
defendant.   At the time of said application the defendant exe-
cuted and delivered to the plaintiff two notes, the consideration
for which was an agreement that the agent should pay the com-
pany, for the insured, the amount of the first premium, which
was $26.20.   This the plaintiff did, and held the insurance
policy and the notes.   In these circumstances, the contract of
insurance between the company and the defendant was a com-
pleted one, and the notes were valid. *Porter* v. *Life Insurance*
*Co.,* 70 Vt. 504, 41 Atl. 970.

After the maturity of the first note, but before the ma-
turity of the second, the agent brought suit against the de-
fendant in assumpsit, declaring in the common counts only.
By his specification he sought to recover the premium as such.
He introduced the notes in evidence, but only for the purpose

of sustaining his specification. On the trial, which was had before a referee, the plaintiff disclaimed any right to recover upon the above mentioned notes, but claimed to recover in accordance with his specification only.

The plaintiff's claim and specification being what they were, the Court properly rendered judgment for the defendant on the referee's report. The case is one in which the plaintiff voluntarily limited his right of recovery by his specification and the position taken by him on trial. *Johnson* v. *Cate, 75* Vt. 100, 53 Atl. 329. While a specification is no part of the declaration in respect to subsequent pleadings, it nevertheless circumscribes the scope of the evidence and the plaintiff's right of recovery. *Bank* v. *Lyman, 20* Vt. 666; *Lapham* v. *Briggs,* 27 Vt. 27. It may be amended as the case develops, and, though not amended in terms, it may be treated as having been amended, if the course of the trial has been such as to permit it to be so treated. *Greenwood* v. *Smith,* 45 Vt. 37; *Bates* v. *Quinn,* 56 Vt. 49. Here the specification was not expressly amended; and the claim of the plaintiff and the course of the trial were such that it cannot be treated as having been amended by implication.

It is obvious from the record that the plaintiff would have had judgment below for the amount of the matured note, but for the erroneous position which he took on trial. His error cannot be attributed to the Court.

*Judgment affirmed.*