MANNING MANUFACTURING COMPANY *v.* MILLER BROTHERS.

Special Term at Rutland, November, 1913.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed February 6, 1914.

*Sales—Labor Done—Materials Furnished—Action for Price—*
*Form of Remedy—General Assumpsit—Sufficiency.*

General assumpsit may be maintained to recover money due under an express simple contract that plaintiff has fully performed on his part, and nothing remains to be done by defendant except to pay plaintiff the money his due, but recovery cannot be had under the common counts in assumpsit for goods sold and delivered, nor for labor done on the goods, nor for materials furnished, where by an express contract defendants bought the goods to be delivered and installed by plaintiff, but the goods were never delivered because, before they reached the place of agreed delivery, defendants refused to accept them or to allow plaintiff to install them.

GENERAL ASSUMPSIT. Plea, the general issue. Trial by court at the March Term, 1913, Rutland County, *Butler*, J., presiding. Judgment for defendants. The plaintiff excepted. The opinion states the case.

*C. V. Poulin* for the plaintiff.

*Lawrence, Lawrence* and *Stafford* for the defendants.

POWERS, J.  By a written contract the defendants bought of the plaintiff certain milking machines and equipment to be installed by the latter on the farm of the former at West Newbury, for the sum of $320. The goods were shipped to the defendants at their railroad station, and arrived there in due course. Promptly thereafter the plaintiff's agent came, and offered to install the apparatus on the farm, as required by the contract. This the defendants refused to allow him to do. It did not appear that the outfit was ever removed from the station, and what became of it is not shown.

The declaration contains the common counts in assumpsit, only; and the court below ruled that the plaintiff could not recover thereunder, and rendered judgment for the defendants. The plaintiff excepted.

The general rule is that in the case of a special contract, not under seal, which has been fully performed by the plaintiff, and nothing remains but the payment of the money by the defendant, liability may be enforced under the common counts or by a special count on the contract, at the option of the pleader. *Mattocks* v. *Lyman*, 16 Vt. 113; *Bradley* v. *Phillips*, 52 Vt. 517. Cases arise wherein there has been a partial delivery, accepted service, benefit conferred or perhaps some other special circumstance which makes the rule inapplicable. But nothing of the kind exists here. The defendants' wrongful refusal to allow the outfit to be installed intervened before any of these conditions resulted. There was no delivery of the goods. They had not arrived at the place of delivery; nor had they been put into condition for delivery. All this remained to be done by the plaintiff at the defendants' farm. So the count for goods sold and delivered would not do. The work done on the apparatus was bestowed upon the plaintiff's own materials, and went to the plaintiff's and not the defendants' use. Nor was the plain-

tiff, in a legal sense, employed by the defendants. So the count for work and labor was inapplicable. The materials which went into the outfit were not furnished to the defendants, for they never came to their use. So the count for materials furnished would not apply.

All this is sufficiently shown by *Allen* v. *Thrall,* 36 Vt. 711, *Curtis* v. *Smith,* 48 Vt. 116, and *Derosia* v. *Ferland,* 83 Vt. 372, 76 Atl. 153, 28 L. R. A. (N. S.) 577, 138 Am. St. Rep. 1092, Ann. Cas. 1912 N. 295.

To hold that the plaintiff cannot recover under the common counts is not to deny it full redress for the defendants' breach of contract; it is simply to require it to seek its damages in an appropriate form of action.

*Affirmed.*