POWELL & POWELL *v.* GREENLEAF & CURRIER.

May Term, 1930.

Present: POWERS, C. J., SLACK and MOULTON, JJ., and GRAHAM, Supr. J.

Opinion filed October 7, 1930.

*Max L. Powell* for the plaintiffs.

*Stanley C. Wilson* and *Guy M. Page* for the defendants.

GRAHAM, Supr. J. The action is contract with special complaint, and comes before us on a demurrer thereto. The complaint in a single count describes two promissory notes by setting forth their dates, amounts, and when payable, and alleges the making of the notes by the defendants to Arthur A. Bishop & Company of Boston, Mass., or order, the indorsement of them by the payee to the plaintiffs, and that they are due and unpaid.

The plaintiffs also filed specifications in the form of a bill or statement of account. Attached to and forming a part of the specifications are copies of two contracts, called "Client's Certificate," identical in form except the date, and also two separate papers, which purport to be copies of the notes described in the complaint, and which are identical with the last part of the certificates.

The causes of demurrer are that the complaint declares upon instruments set forth in full in the specifications wherein it appears that they are based upon an executory and contingent

48

consideration and are bilateral contracts importing a present payment and therefore are not negotiable notes, and the indorsement thereof to the plaintiffs carried no title thereto or right to sue thereon in the name of the plaintiffs.

It is apparent that the demurrer attacks the sufficiency of the complaint only as the specifications are treated and considered as a part thereof, and raises no question but what the facts alleged in the complaint, standing alone, are sufficient both in form and substance. By agreement of the parties, the trial court for the purposes of the demurrer treated and considered the specifications as part of the complaint, and by force of the same agreement the record seeks to have them so treated and considered here. This we cannot do. On demurrer only what appears in the complaint is to be considered. *State* v. *Caplan,* 100 Vt. 140, 155, 135 Atl. 705. This rule is not avoided or varied by agreement of parties, or concession of counsel. *State* v. *Caplan, supra; Howard National Bank* v. *Fidelity & Casualty Co.,* 96 Vt. 462, 468, 121 Atl. 24; *Columbian Granite Co.* v. *Townsend Co.,* 74 Vt. 183, 52 Atl. 432; *Douglas & Varnum* v. *Village of Morrisville,* 84 Vt. 302, 314, 79 Atl. 391; *Hartland* v. *Windsor,* 29 Vt. 354, 357.

*Judgment reversed, demurrer overruled, and cause remanded.*