CONN BOSTON CO. *v.* E. T. GRISWOLD.

October Term, 1931.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed November 4, 1931.

90

*Edward H. Holden* (*Francis E. Morrissey* and *Norton Barber* of counsel) for the defendant.

*Cebra Q. Graves* for the plaintiff.

GRAHAM, J. ▌ The action is contract. The plaintiff's complaint is the common counts with specifications. The defendant's answer is general denial. The defendant also filed a complaint in set-off with specifications, on which issue was joined by plaintiff's general denial. The trial was by court, finding of facts were filed, and judgment was for the plaintiff to recover the amount of its specifications. The defendant brings the case here for the review of certain questions saved by exceptions at the trial. The findings stand unchallenged by exception. The record does not show that any exception was taken to the judgment, but that omission does not preclude us from considering and disposing of trial questions properly raised and brought before us by a bill of exceptions. *Brown* v. *Vermont Mutual Fire Ins. Co.*, 92 Vt. 272, 274, 102 Atl. 1042, and cases cited; see, also, *Jenness* v. *Simpson*, 84 Vt. 127, 78 Atl. 886.

The plaintiff is a Massachusetts corporation. The defendant conducts a music store at Bennington. In April, 1926, the defendant began purchasing musical instruments and supplies from the plaintiff and from time to time purchased such instruments from the plaintiff down to and including March 23, 1927. The instruments and supplies were sold on credit. The defendant was not the agent of the plaintiff in any transaction between them. Before the first purchase by the defendant, the parties entered into a parole contract whereby it was agreed that the defendant was to have the exclusive sale of the Conn Boston Company musical instruments in Bennington County. The defendant was to keep in stock not less than five hundred dollars worth of instruments; he was to make monthly reports to the plaintiff of the sales made by him; he was to remit when cash sales were made, and when sales were made on credit, he was to turn over to the plaintiff the lien note or evidence of

security taken by him for the purchase price of any instrument sold. The findings state that the trial court is unable to find that the plaintiff in any way materially breached the contract, but they show that the defendant did, and that, because of defendant's default, the plaintiff terminated the contract and sold its musical instruments to another dealer in Bennington.

 Evidence was received tending to show that the defendant failed to comply with the terms of his contract, and for that reason, the plaintiff cancelled it. This evidence was admitted subject to the exception of the defendant that it was outside of the issue made by the pleadings. The defendant treats the evidence as presenting an affirmative defense, not pleaded. The defendant's complaint in set-off alleges that he was damaged by the loss of profits because the "* * * * plaintiff wrongfully and fraudulently intending to injure the defendant and his said business cancelled and withdrew from the defendant the exclusive agency and appointed other and divers agents and agencies for the sale of such merchandise * * * *." The plaintiff met this allegation with a general denial. The issue was clearly within the pleadings, and the evidence was properly received.

 After the defendant had testified that his first information of the concellation of his contract was by letter from the plaintiff on July 7, 1927, the plaintiff, for the purpose of contradicting him on that point, offered in evidence a letter written to the defendant by C. G. Conn, Ltd. of Elkhart, Ind., and dated November 2, 1926. This letter is Plff's Ex. 20, and was received in evidence without objection. It advises the defendant that, not having received a reply to previous letters, Conn, Ltd. had concluded that he was not interested in the agency and, for that reason, it had closed a contract for the sale of Conn instruments with the Noveck Studio at Bennington. After Ex. 20 was admitted, for the purpose above indicated, the defendant offered in evidence another letter received by the defendant from C. G. Conn, Ltd. (identified as Deft's O), and dated November 9, 1926. This letter states, in substance, that a copy of the writer's letter to Noveck Studio is enclosed, and asks for an inventory of defendant's stock of Conn instruments and offers to place the defendant upon its Class "B" agency. The terms of such an agency are detailed. The defendant is also requested to advise the writer whether he approves of a

classification under a Class "B" franchise direct from the Conn, Ltd. factory. Copy of the letter mentioned as having been written to Noveck Studio was sent to the defendant with Deft's O. This copy is identified as Deft's O-1 and was offered in evidence with Deft's O. The latter letter is dated November 9, 1926, and advises the Noveck Studio, in substance, that at the time of placing the exclusive agency of C. G. Conn, Ltd. with them, it did not know of the agreement between the plaintiff and the defendant and that it would have to recognize that agreement. A method for the disposition of stock on hand and for the termination of the Noveck agency was stated. When Deft's O and O-1 were offered, the court asked the purpose of the offer and counsel for the defendant stated, "In connection with plaintiff's exhibit 20 and as contradiction to the subject matter set forth in that exhibit." The trial court, apparently having in mind the purpose for which Ex. 20 was in evidence, asked: "What part of 20 do you say is contradicted by O and O-1," and defendant's counsel replied: "It shows that the objection set up in plaintiff's exhibit 20 was waived by defendant's O and O-1." Upon objection by plaintiff, the offer was excluded, subject to defendant's exception. To be available, an offer must be specific enough to make its relevancy appear to the court. *Moncion* v. *Bertrand,* 98 Vt. 332, 341, 127 Atl. 371. The construction of the record on review is always against the excepting party. *Higgins, Admr.* v. *Metzger,* 101 Vt. 285, 298, 143 Atl. 394. It is fair construction of the record that the offer of O and O-1 as finally made and ruled upon was not in contradiction of Ex. 20, for the limited purpose that exhibit was in evidence, but rather for the purpose of showing a waiver by plaintiff of any claimed violation of contract by defendant.

In connection with the discussion of this offer, the court stated that, upon objection, it had repeatedly excluded offers of letters written by C. G. Conn, Ltd., for the reason that there was nothing in the record to show any agency which would make its acts and declarations binding upon the plaintiff. In view of what took place between the court and counsel, we think that the absence of any evidence tending to show such agency formed the basis of the ruling excluding the offer, and that counsel so understood it. If there was any evidence in the case at the time the offer was made tending to establish such fact it has not been called to our attention, and we do not search

the transcript to discover reversible error. *Hopkins, Trustee v. Sargent's Estate,* 88 Vt. 217, 222, 92 Atl. 14, L. R. A. 1915D, 1010. Error must be made to appear. *Higgins, Admr.* v. *Metzger, supra.* Our attention is called to some evidence which came into the case after this offer was made, but this evidence cannot be used to sustain the defendant's contention. The correctness of the exclusion must be tested by the state of the case at the time the offer was made. *Ravine House Co., Inc.* v. *Bradstreet,* 102 Vt. 370, 375, 376, 148 Atl. 481; *State* v. *Lapan,* 101 Vt. 124, 132, 141 Atl. 686. The defendant argues that these letters, O and O-1, tend to confirm the relation existing between C. G. Conn, Ltd., and the plaintiff. They were not offered for any such purpose. Besides, agency cannot be shown by the mere acts and declarations of the supposed agent made out of court. *Hendrickson* v. *Inter. Harvester Co.,* 100 Vt. 161, 165, 135 Atl. 702; *First National Bank of Montpelier* v. *Bertoli,* 87 Vt. 297, 311, 89 Atl. 359, Ann. Cas. 1917B, 590; *Taplin & Rowell* v. *Harris,* 88 Vt. 15, 18, 90 Atl. 956; *Prouty* v. *Nichols,* 82 Vt. 181, 184, 72 Atl. 988, 137 A. S. R. 996; *Sias* v. *The Consolidated Lighting Co.,* 73 Vt. 35, 42, 50 Atl. 554.

This rule applies with equal force to declarations therein that the plaintiff is a direct factory branch of C. G. Conn, Ltd. The contention of the defendant that the latter company made use of the plaintiff as its instrument through which to perform its business, and that either was the agent of the other, and the acts of one were binding upon the other, is not supported by any competent evidence from which that conclusion may fairly and reasonably be drawn. Further, the defendant has failed to show prejudice by the exclusion. He admits, and the findings state, that his contract with the plaintiff was not terminated, and that he was operating thereunder for several months after November 9, 1926. No sales by Noveck Studio with consequent loss of profits to him are shown by reason of the then temporary contractual relations between C. G. Conn, Ltd., and the Noveck Studio. The exception is not sustained.

Deft's D is a letter dated June 7, 1926, which was written and mailed to the defendant by one Myers, as manager of the plaintiff. It was first offered as tending to show Myers agency for the plaintiff, and was excluded subject to defendant's exception. That Myers was the agent of the plaintiff was not questioned. The plaintiff conceded that he was its manager

and had authority to bind it by agreement with the defendant. If it was error to exclude the letter for that purpose, it was harmless. This letter was again offered as tending to show that Myers held out the plaintiff as a branch of C. G. Conn, Ltd., and as proof that the acts of that company were binding upon the plaintiff. The defendant saved an exception to its exclusion for that purpose. The letter states: "It may be of interest to you to know that since the writer's last visit to your city I have taken over the managership of this branch of C. G. Conn, Ltd." This part of the offer is only another attempt to establish the fact of agency by the out of court declarations of the alleged agent. This, it has become trite to state, cannot be done. Besides, the fact, if shown, that the plaintiff was a subcorporation of C. G. Conn, Ltd., without more, would not have the effect claimed for it. The exclusion was without error.

 Subject to defendant's exception, the trial court limited the scope of the evidence and the defendant's right of recovery in set-off to claimed loss of profits from sales specifically scheduled in his specification. The findings state: "We are unable to find that during the life of the contract the plaintiff in any way materially breached its terms, and that deft. did, and find that the defendant is not entitled by way of credit against the plaintiff's account anything in the way of commission on musical instruments sold in Bennington County by other dealers." Since no exception was taken to the finding, that there was no liability for breach of contract on the part of the plaintiff, the matter of defendant's damages was not in the case, and so, the ruling, right or wrong, was harmless. *Boynton* v. *Hunt*, 88 Vt. 187, 188, 92 Atl. 153.

Moreover, there being no suggestion of a request to amend the specifications, nor of any amendment thereto, either expressly or by implication, the court correctly restricted the evidence. *Aseltine* v. *Perry*, 75 Vt. 208, 210, 54 Atl. 190; *Bank of United States* v. *Lyman*, 20 Vt. 666, Fed. Cas. No. 924; *Lapham* v. *Briggs*, 27 Vt. 27.

 The defendant argues that the finding, in effect, that the plaintiff did not materially breach the terms of the contract is not supported by the evidence. But, since the findings are unexcepted to, no such question is presented for consideration. *Wolcott* v. *Mongeon*, 88 Vt. 361, 364, 92 Atl. 457; *Pierce* v. *Torrey*, 101 Vt. 366, 143 Atl. 543.

At the close of all the evidence, the defendant moved for judgment for the amount of his specifications in set-off on the grounds that the plaintiff is a foreign corporation; that its contract with the defendant was such as to constitute "doing business" within the State; and that it had not proved that it had received a certificate from the commissioner of foreign corporations as required by G. L. 4995, and so was prohibited by G. L. 5009 from maintaining the action. The motion was overruled, and the defendant excepted.

The point is not raised, and so we do not consider the propriety of presenting the question by such a motion, even if the case was one to which the statute applied. The motion was properly disposed of on other grounds. The pleadings and the evidence presented controverted questions of fact, and the nature of the case required the court to find and state the facts. G. L. 2259. The motion, therefore, was premature and, for that reason, was properly denied. *Raithel* v. *Hall,* 99 Vt. 65, 70, 130 Atl. 749. The motion is without merit on the facts. The findings state: "The instruments and supplies were sold on credit. We do not find that the defendant was agent of the plaintiff in any transaction involved in this case." The defendant concedes that this is equivalent to an express finding that the plaintiff was not "doing business" in this State, but he calls to our attention evidence in the transcript tending to show the contrary. We cannot notice this evidence. The case in this Court is controlled by the facts found. This is the mandate of the statute. G. L. 2259. *Powell* v. *Merrill,* 92 Vt. 124, 130, 103 Atl. 259; *Grapes* v. *Rocque,* 96 Vt. 286, 290, 119 Atl. 420; *Hooper, Trustee* v. *Kennedy,* 100 Vt. 376, 378, 138 Atl. 778.

It appears from the record that the defendant requested the court to find facts in accordance with his claims under this motion, but he took no exception to the failure of the court so to find, nor to the findings as filed. The risk was his, and, having failed to present the question for review by proper exceptions, he must abide by the result.

*Judgment affirmed.*