F. S. FULLER & CO. *v.* FRANK W. MORRISON AND TRUSTEE.

October Term, 1933.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed November 7, 1933.

18

*Frank W. Morrison* (of Uxbridge, Mass.) *pro se* and *Edward C. Barry* for the defendant.

*Robert R. Twitchell* for the plaintiff.

SLACK, J. The declaration contains only the common counts in assumpsit. A specification was attached to the writ giving notice that on trial plaintiffs would seek to recover on a certain promissory note described as follows:

> "$300. Bellows Falls, Vt. 8/31 1931.
> 30 days after date I promise to pay to the
> order of F. W. Fuller & Co. Three Hundred
> Dollars at the National Bank of Bellows
> Falls" etc.
> Signed "FRANK MORRISON."

The defendant demurred to the declaration, the demurrer was overruled, and he expected. He then elected to stand on his demurrer. Thereupon, plaintiffs moved for a judgment, and judgment was entered for them on the specification "as per specification on file, clerk to assess," to which defendant excepted.

The sole ground of demurrer briefed, and argued in this Court, is that of variance between the declaration and the specification, in that the former alleges a promise to pay on demand, while the latter shows a promise to pay 30 days after date. Since the specification is no part of the declaration so far as subsequent pleadings are concerned, *Aseltine* v. *Perry,* 75 Vt. 208, 54 Atl. 190; *New York Central R. R. Co.* v. *Clark et al.,* 92 Vt. 375, 104 Atl. 343; *Powell & Powell* v. *Greenleaf & Currier,* 103 Vt. 46, 151 Atl. 508; *Price* v. *Holden,* 104 Vt. 504, 162 Atl. 376, the demurrer was properly overruled.

20

The defendant claims, however, that he can take advantage of the same question under his exception to the judgment. Be that as it may, the question is without merit. The general rule is, that where an express contract, not under seal, has been fully performed by the plaintiff, and nothing remains to be done under it but the payment of money by defendant, which is nothing more than the law would imply against him, plaintiff may declare specially on the original contract, or generally in indebitatus assumpsit, at his option. *Manning Mfg. Co.* v. *Miller Bros.*, 87 Vt. 455, 89 Atl. 479; *Bradley* v. *Phillips,* 52 Vt. 517; *Groot* v. *Story,* 41 Vt. 533; and earlier cases. By declaring in the latter form the plaintiff does not repudiate or avoid the written contract, but may produce and rely upon it in evidence to sustain his case. *American Surety Co.* v. *Construction Co.*, 182 Mo. A. 667, 166 S. W. 333. While the note described in the specification was, by its terms, payable thirty days after date, at the time this suit was brought it was more than a year overdue, and consequently was then, in effect, a demand obligation. Nothing remained to be done under it but the payment of money by defendant, and that the amount due thereon is recoverable in this form of action is too clear to admit of argument. Since the purpose of a specification is only to circumscribe the right of recovery and appraise defendant of what he is to meet, the claimed variance is without merit.

It remains to consider whether plaintiffs were entitled to a judgment as the case then stood. They say that this is a collection suit within the meaning of county court rule 9, par. I. Since the specification fails to limit their claim to recover to the note described therein, this is not so. *Niles* v. *Rexford,* 105 Vt. 492, 168 Atl. 714, decided at the October Term, 1933, of this Court. But defendant filed a demurrer, was heard thereon, and was cast. It then became his duty, unless the cause was passed to this Court before final judgment under the provisions of G. L. 2262, which was not done, to elect whether he would abide by his demurrer and let judgment pass against him and then go up, or whether he would plead over and thereby waive his demurrer. *German* v. *Bennington & Rutland R. R. Co.,* 71 Vt. 70, 42 Atl. 972; *Citizens Savings Bank & Tr. Co.* v. *Northfield Tr. Co.,* 89 Vt. 65, 94 Atl. 302, Ann. Cas. 1918A, 891; *White* v. *Hall,* 91 Vt. 57, 99 Atl. 274. He chose to do the former. In the circumstances the court was well within its

rights in entering judgment as it did, county court rule 13, and cases last cited; and the form of judgment entered has been approved by bench and bar too long now to be questioned. It appears from the docket entries in the case, to which reference may be had, *Spaulding* v. *Warner,* 57 Vt. 654; *Platt, Admx.* v. *Shields & Conant,* 96 Vt. 257, 264, 119 Atl. 520; *Brown* v. *Vermont Mut. Fire Ins. Co.,* 92 Vt. 272, 102 Atl. 1042, that the judgment was perfected by the assessment by the clerk of the amount due under the specification the day the judgment was entered. The case differs in this respect from *Price* v. *Holden, supra.*

In his brief defendant says that there was a total failure of proof and a fatal variance in the record, and that the court erred in entering judgment ''as per specification on file'' even though the note specified had been produced and put in evidence which plaintiffs failed to do. The question of variance has been disposed of. This is all that is said regarding lack of proof, and the first time the question was raised so far as appears.

 If defendant desired to raise that question, he should have called it to the attention of the court so that it could have been considered and passed upon. Having failed to do that, the question is not before us. The exception to the judgment, which does not specify any ground of claimed error, does not raise it. *Kennedy et al.* v. *Robinson,* 104 Vt. 374, 160 Atl. 170; *Babcock et al.* v. *Carter et al.,* 102 Vt. 137, 146 Atl. 250; *Higgins, Admr.* v. *Metzger,* 101 Vt. 285, 298, 143 Atl. 394.

 The docket shows, and the exceptions state, that defendant appeared specially. This undoubtedly reflects what he says in the preface to his demurrer. He therein says that he appears specially, that he does not waive his plea in abatement, his motion to strike out the specification, or submit to the jurisdiction of the court. But whether an appearance is general or special depends upon what the defendant does, rather than what he says. When, as here, the relief sought can only be granted upon the hypothesis that the court has jurisdiction of the cause and the person, the appearance is held to be general regardless of the attempt to limit it to a special purpose. *Coffee* v. *City of Chippewa Falls,* 36 Wis. 121; *Smith* v. *Day,* 39 Or. 531, 538, 64 Pac. 812; *Merrill* v. *Houghton,* 51 N. H. 61; *Farmer* v. *Nat. Life Assn.,* 138 N. Y. 265, 33 N. E. 1075; *Bestor* v. *Inter-County Fair,* 135 Wis. 339, 115 N. W. 809; *Thompson* v. *Pfeiffer,* 66

Kan. 368, 71 Pac. 628; *Merchants' Heat & Light Co.* v. *Clow & Sons,* 204 U. S. 286, 51 L. ed. 488, 27 Sup. Ct. 285; 2 Enc. Pl. & Pr. 625; 2 R. C. L. 328.

This disposes of all questions presented.

*Judgment affirmed.*