ANNA BUTLER *v.* MILTON COOPERATIVE DAIRY CORP.

May Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 6, 1942.

*H. J. Holden* for the plaintiff.

*Latham & Latham* for the defendant.

JEFFORDS, J. This is an action of contract. Trial was by Court without a jury. From the facts found it appears that the plaintiff bases her claim on an order given her by one Johnson on the defendant to pay the proceeds for milk delivered by the latter to the defendant. Later this assignment was cancelled and a new one given by Johnson to another person. Both assignments were to extend for an indefinite time. Judgment was en-

tered for the defendant and the case is here on plaintiff's exceptions.

The defendant in its brief in support of the judgment says that the plaintiff has not complied with P. L. sec. 1583 which reads in part as follows:

> "The assignee and bona fide owner of a non-negotiable chose in action may sue thereon in his own name; but he shall allege in his complaint that he is the actual bona fide owner thereof, and set forth when and how he acquired title thereto."

An examination of the complaint discloses that the statute has not been actually or substantially complied with. The complaint is the ordinary one in the common counts in which no mention is made of the assignment. The specifications filed with it are as follows: "To milk delivered to the defendant's Swanton Plant by Oscar Johnson from Sept. 1 to Sept. 18, 1941, the same assigned to the plaintiff, $50.00." The statement in the specifications is not only far from satisfying the statutory requirement but can be of no help to the plaintiff in this respect as we have repeatedly held that a specification is no part of the declaration so far as subsequent pleadings are concerned and could not be pleaded to by the defendant. *In re Thompson,* 111 Vt. 7, 13, 9 Atl. (2d) 107; *Fuller* v. *Morrison,* 106 Vt. 17, 19, 169 Atl. 7; *Aseltine* v. *Perry,* 75 Vt. 208, 54 Atl. 190.

Assuming that this statutory requirement could have been waived by the defendant there is nothing in the record showing such to be the fact or that the Court so understood it. If in fact a waiver was made it was incumbent on the plaintiff to produce a record so showing. As we have seen, the specification could not properly be demurred to by the defendant. Nor is there anything in the findings to warrant a holding that the case is otherwise taken out of the statute. Consequently the failure of the plaintiff to comply with this statutory requirement fully warranted the Court in rendering judgment for the defendant. Error must be made to appear; the judgment below will be affirmed in this Court on any legal grounds shown by the record —whether briefed or not. *Meyette* v. *Canadian Pac. Ry. Co.,* 110 Vt. 345, 355, 6 Atl. (2d) 33; *Simpson* v. *Central Vt. Ry. Co.,* 95 Vt. 388, 394, 115 Atl. 299.

Moreover, the exceptions which apparently are briefed by the plaintiff are not available to her and under our rule all others are waived. Those on which the plaintiff apparently relies are to the refusal of the Court to grant her motion for judgment and its refusal to find as requested in one specified instance.

As to the first of these exceptions, it appears from the record that the motion was made at the close of all the evidence and before the findings of facts were made. This motion, being premature, was properly denied. *Conn Boston Co.* v. *Griswold,* 104 Vt. 89, 99, 157 Atl. 57; *Raithel* v. *Hall,* 99 Vt. 65, 70, 130 Atl. 749.

No ground is stated for the exception to the refusal to find nor any reason given why the finding should have been made. Consequently this exception is too general to be available. *Little* v. *Loud,* 112 Vt. 299, 302, 23 Atl. (2d) 628, and cases cited therein.

*Judgment affirmed.*